# Court of Appeals of the State of Georgia

ATLANTA,  March 30, 2026

*The Court of Appeals hereby passes the following order:*

**A26A1463. JONATHAN BENJAMIN WHATLEY v. THE STATE.**

On March 25, 2025, Jonathan Benjamin Whatley entered a negotiated plea of guilty to a charge of methamphetamine trafficking, and was sentenced to 30 years with ten to serve in prison and the remainder on probation.[1] On September 26, 2025, Whatley filed a motion for out-of-time appeal and a notice of appeal to this Court seeking review of a March 17, 2025 order related to a motion to suppress. The trial court dismissed the motion for out-of-time appeal on September 30, 2025, and directed that the clerk process the record for appeal. This Court, however, lacks jurisdiction.

First, a notice of appeal ordinarily must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38(a). Whatley's September 26 notice of appeal — filed 185 days after the trial court's entry of judgment — is untimely.

Secondly, to the extent that Whatley's notice of appeal could be construed as prematurely seeking review of the trial court's dismissal of his motion for out-of-time appeal, we also lack jurisdiction. In *Cook v. State*, 313 Ga. 471, 506(5) (870 SE2d 758) (2022), the Supreme Court of Georgia determined that a trial court lacks authority to grant an out-of-time appeal, and that any remedy involving an out-of-time appeal must

---

[1] The provisions of OCGA § 5-6-35(a)(5.3), which require a discretionary application for direct appeals from guilty pleas, do not apply to Whatley since his guilty plea was entered before the statute's effective date of May 14, 2025. See *Clark v. State*, 378 Ga. App. 111, n.1 (924 SE2d 346) (2025).

be sought in habeas corpus. There, the Supreme Court vacated the trial court's order denying the defendant's motion for out-of-time appeal and remanded with instructions to dismiss the motion. Id. In response, the legislature enacted OCGA § 5-6-39.1, which became effective on May 14, 2025. This statute allows for defendants to seek out-of-time relief if (1) the defendant moves for leave to file an out-of-time motion for new trial or notice of appeal within 100 days from the expiration of the time period for the filing of such motion or notice, or (2) the defendant had an out-of-time motion or appeal dismissed under *Cook*.

Here, OCGA § 5-6-39.1(b) does not apply to Whatley because he neither filed a motion for out-of-time appeal within 100 days from the expiration of the time period for filing a notice of appeal nor had a motion for out-of-time appeal dismissed under *Cook*. Because Whatley is not entitled to pursue out-of-time relief, the propriety of the trial court's ruling on his request for an out-of-time appeal is moot. See *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361(3)(a) (489 SE2d 99) (1997) (a moot issue is one where a ruling is sought on a matter that has no practical effect on the alleged controversy or where the issues have ceased to exist).

Accordingly, this appeal is hereby DISMISSED. See OCGA § 5-6-48(b)(3) (providing for dismissal of an appeal when the questions presented have become moot).



Court of Appeals of the State of Georgia
 Clerk's Office, Atlanta,___03/30/2026_____

 I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

 Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.